IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: 0:16cv62577

MARIE C. RACINE,

    Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant State Farm Mutual Automobile Insurance Company ("State Farm" or "Defendant"), by and through its undersigned counsel, Green, Murphy, Murphy & Kellam, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby files its notice of removal of this cause to the United State District Court for the Southern District of Florida, and respectfully shows the following as ground for removal:

1.    On or about September 7, 2016, the Plaintiff filed a Complaint against the above-named Defendant in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida styled: <u>Marie Racine vs. State Farm Mutual Automobile Insurance Company</u>, Case No., CACE16016671. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2.    On October 11, 2016, the Plaintiff served the Complaint upon the Defendant, State Farm Mutual Automobile Insurance Company. A true and correct copy of the Verified Return of Service is attached hereto as **Exhibit B**.

---

**GREEN, MURPHY, MURPHY & KELLAM**
1600 W. Commercial Blvd., Suite 100, Ft. Lauderdale, Florida 33309

3. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is timely filed within 30 days of service of the initial Complaint.

4. This action is a two count complaint consisting of (1) a count for Underinsured Motorist Benefits and (2) a count for Bad Faith for failure to attempt to settle Plaintiff's claim in good faith in violation of Florida Statute § 624.155.

5. The issues in count one for uninsured motorist ("UIM") benefits center around liability for the accident and the damages suffered by Plaintiff as a result of that accident. The issues asserted in count two for bad faith focus on whether State Farm failed to settle the claim in good faith.

6. Count one is for damages under an insurance policy for uninsured motorist coverage benefits. The Plaintiff's UIM policy has applicable limits of coverage of $25,000.00. As a result of this accident, Plaintiff has already received the tortfeasor's bodily injury liability insurance limits of $10,000. Plaintiff's total medical bills are $17,240.00.  In addition to the amounts available under her UIM policy and those amounts already paid, Plaintiff also seeks, in count two for bad faith, extra contractual damages not limited to the $25,000.00 policy limits. Plaintiff's complaint is silent as to the amount at issue, aside from a jurisdictional allegation that the amount at issue exceeds $15,000. See **Ex. A**.

7. It is Defendant's position that the issues concerning State Farm's handling of the underlying claim cannot be litigated in the claim for contractual UIM benefits because under Florida law, a claim for insurer bad faith does not accrue until after the conclusion of the underlying claim for benefits under the insurance contract. <u>Blanchard v. State Farm Mutual Automobile Insurance Company</u>, 575 So.2d 1289 (Fla. 1991).

8. Notwithstanding Defendant's position, it is clear than any final judgment rendered in Plaintiff's suit for UIM is not limited to only the available UIM benefits but also must denote the total damages suffered by Plaintiff so that plaintiff need not re-litigate the total amount of her damages in a subsequent claim for bad faith. Friedman v. Safeco Ins. Co. of Illinois, 185 So.3d 1214 (Fla. 2015) ("We conclude that an insured is entitled to a jury determination of liability and the full extent of his or her damages, which may be in excess of the policy limits, in the underlying UM case, prior to litigating a first-party bad faith cause of action. This determination is then binding in the subsequent bad faith action, provided the parties have had the opportunity for appellate review of any trial errors that were timely raised. An approach such as the one taken by the trial court in this case—that is, going forward with the trial, including the verdict amount in the final judgment, and reserving jurisdiction to consider a motion to amend to add the bad faith cause of action— appropriately addresses how the parties can review that jury determination of the extent of the damages for error prior to it being used in the subsequent bad faith litigation as an element of damages.")

9. Moreover, the Florida legislature enacted section 627.727(10) Florida Statutes (1992) providing that:

> The damages recoverable from an uninsured motorist carrier in an action brought under s. 624.155 shall include the total amount of the claimant's damages, including the amount in excess of the policy limits, any interest on unpaid benefits, reasonable attorney's fees and costs, and any damages caused by a violation of a law of this state. The total amount of the claimant's damages is recoverable whether caused by an insurer or by a third party tortfeasor.

The Florida Supreme Court clearly stated that, "The language of the amended section, which remains the same today, clearly and unambiguously reflects the legislative intent that the damages in section 624.155 bad faith actions shall include any amount in

excess of the policy limits. See § 627.727(10), Fla. Stat. (2015)." Friedman, 185 So.3d at 1221.

10. Furthermore, once the jury has made the finding of an UIM plaintiff's total damages, that amount is binding on the parties in a subsequent action for bad faith. Id. at 1227. Thus, while Plaintiff's claim for bad faith is premature, it undoubtedly has value. This firmly establishes that the amount Plaintiff seeks exceeds the jurisdictional amount in controversy necessary to support removal.

11. Removal is proper because there is complete diversity between the parties, pursuant to 28 U.S.C. § 1332(a), and the amount in controversy exceeds $75,000, excluding interests, costs, and attorney fees.

12. The above described action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. §1332 and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441 and 1446.

13. As set forth in the Complaint, State Farm is a foreign corporation. (See **Ex. A**). Specifically, State Farm is an Illinois corporation with its principal place of business in the Bloomington, Illinois. Accordingly, State Farm is a citizen of Illinois and not a citizen of the State of Florida. At all times material, Plaintiff was and is a resident of the State of Florida, residing in Broward County. (See **Ex. A**). Because the parties are citizens of different states, diversity of citizenship exists.

14. Additionally, venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the state court where the removed action has been pending.

15. True and legible copies of all process, pleadings and orders filed in the above-captioned lawsuit are attached as **Exhibits A**, **B**, and **Composite Exhibit C** to this Notice of Removal, pursuant to 28 U.S.C. § 1446(a).

16. Further, written notice of the filing of this Notice of Removal, together with a copy of this Notice of Removal, will be served on the Plaintiff and concurrently filed with the Clerk of the Circuit Court of the Seventeenth Circuit of Broward County, Florida as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, State Farm gives notice that the above-referenced lawsuit should be removed from the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, pursuant to the authority of 28 U.S.C. §§ 1332 and 1441, and pursuant to the procedures provided in 28 U.S.C. §1446.

Dated this 31st day of October, 2016.

**Respectfully submitted,**

*/s/ James P. Murphy*
JAMES P. MURPHY
Florida Bar No. 289043
jpmurphy@gmm-law.com
RMoore@gmm-law.com
TCorker@gmm-law.com
CURTIS S. DAVIS
Florida Bar No. 9786
cdavis@gmm-law.com

GREEN, MURPHY, MURPHY & KELLAM
1600 W. Commercial Blvd., Ste. 100
Fort Lauderdale, FL 33309
Tel: 954-492-3457
Fax: 954-492-3466
**Attorneys for Defendant, State Farm Mutual Automobile Insurance Company**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by CM/ECF on 31st day of October, 2016 on all counsel or parties of records on the Service List below.

/s/ *James P. Murphy*
JAMES P. MURPHY

## SERVICE LIST

| | |
|---|---|
| JAMES P. MURPHY | JERMAINE THOMPSON |
| Florida Bar No. 289043 | Florida Bar No. 10913 |
| jpmurphy@gmm-law.com | jthompson@jotlawfirm.net |
| RMoore@gmm-law.com | |
| TCorker@gmm-law.com | |
| CURTIS S. DAVIS | |
| Florida Bar No. 9786 | |
| cdavis@gmm-law.com | |
| GREEN, MURPHY, MURPHY & KELLAM | JERMAINE O'NEILL THOMPSON, P.A. |
| 1600 W. Commercial Blvd., Suite 100 | 2400 N. University Dr., Suite 209 |
| Fort Lauderdale, FL 33309 | Pembroke Pines, FL 33024 |
| Tel: 954-492-3457 | Tel: 954-437-4657 |
| Fax: 954-492-3466 | Fax: 954-437-4686 |
| **Attorneys for Defendant, State Farm Mutual** | **Attorney for Plaintiff, Marie Racine** |